UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HERTZ CORPORATION<br><br>and<br><br>TSD RENTAL LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>ENTERPRISE RENT-A-CAR COMPANY<br><br>and<br><br>THE CRAWFORD GROUP, INC.,<br><br>    Defendants. | C.A. 07 CV 11793 RGS<br><br>C.A. 07 CV 10302 RGS |

**PLAINTIFFS THE HERTZ CORPORATION AND TSD RENTAL LLC'S
PRELIMINARY NON-INFRINGEMENT AND INVALIDITY CONTENTIONS**

Pursuant to the Court's June 19, 2008 Scheduling Order, Plaintiffs The Hertz Corporation and TSD Rental LLC (collectively, "Plaintiffs") provide this disclosure of their preliminary non-infringement and invalidity contentions concerning U.S. Patent No. 7,275,038 ("the '038 patent"). This preliminary disclosure is based on information currently known to Plaintiffs. Plaintiffs' discovery and investigation in connection with this lawsuit are continuing, and there has not yet been a claim construction hearing. Plaintiffs reserve the right to amend or supplement these preliminary contentions based on the Court's claim construction, and to the extent that Plaintiffs obtain additional information, through discovery or otherwise.

**I.   PRELIMINARY NON-INFRINGEMENT CONTENTIONS**

The following identification of non-infringement contentions pertains to Hertz EDiCAR. Below Plaintiffs identify limitations contained in the independent claims of the '038 patent that

are not present in Hertz EDiCAR. Because Plaintiffs do not infringe any of the independent claims of the '038 patent, they do not infringe any of the dependent claims of the '038 patent. Plaintiffs reserve their right to identify additional non-infringement contentions with respect to the dependent claims of the '038 patent should Defendants assert infringement of those claims.

**Claim 1:**

Neither Hertz nor TSD directly or indirectly infringe this claim because no single person or entity possesses, controls or maintains all elements of the claimed system. In addition, at least the following limitations are not satisfied by Hertz EDiCAR:

- an "automatic rental vehicle transaction system," as claimed;

- "a second software program for fulfillment at a specific geographically remote rental vehicle location at which vehicles for rent are situated";

- a "database accessible by said third party authorized purchaser";

- "automatically generating repair facility call back lists";

- the requirement "so that said plurality of rental vehicle reservations may be automatically processed thereby";

- "the repair facility call back lists being configured to allow said third party authorized purchaser to sort said reservations that are open by at least the associated repair facilities wherein said list groups together the open reservations by one or more associated repair facilities";

- "bidirectional communication and functional interaction" between a third-party authorized purchaser and a rental vehicle services provider;

- a "rental vehicle software program" that allows third parties to "automatically generat[e] repair facility call back lists";

- a "rental vehicle software program" that allows third parties to "bill[] said reservations to said third party authorized purchaser so that said plurality of rental vehicle reservations may be automatically processed";

- certain modes lack an "internet web portal" through which a third party authorized purchaser may access a rental services provider.

**Claim 22:**

Neither Hertz nor TSD directly or indirectly infringe this claim because no single person or entity possesses, controls or maintains all elements of the claimed system. For example, the claim, among other things, requires "a first computer network operated by a rental vehicle service provider," and a "second computer network comprising a plurality of authorized business partner computers." Hertz does not have or maintain a "second computer network." In addition, Hertz and TSD do not have or maintain "a plurality of authorized business partner computers." Such computers are independently owned and operated by the customers. Furthermore, TSD does not have or maintain "a first computer network operated by a rental vehicle service provider."

In addition, at least the following limitations are not satisfied by Hertz EDiCAR:

- an "automatic rental vehicle transaction system," as claimed;

- "a database in which reservation data regarding the rental vehicles available for rent at the plurality of remote locations is stored";

- a first computer network mainframe "being configured to execute a fulfillment software program, the fulfillment software program being configured to process and store rental vehicle reservation data in the database for access by the branch office computers when the branch office computers fulfill rental vehicle reservations";

- the ability to generate a "report being configured to detail a plurality of rental reservations… the report being sortable by a criteria specified by the authorized business partner computer user through at least one web portal GUI, ... wherein the user-specified sorting criteria comprises a 'by repair facility' criteria";

- a second computer network mainframe "in bidirectional communication with the first computer network";

- a "rental vehicle software program" that is "configured to access the database to create and manage rental vehicle reservations in response to a series of commands received from the authorized business partner computers";

- a report that "displays data about a plurality of open rental vehicle reservations . . . wherein the user-specified sorting criteria comprises a 'by repair-facility' criteria";

- certain modes lack a "web portal" through which "the second computer network mainframe is in bidirectional communication with the first computer network";

- certain modes lack a "web portal" that "is in bidirectional communication with the second computer network mainframe and further in bidirectional communication with the authorized business partner computers via an Internet connection therebetween";

- certain modes lack a "web portal" that is "configured to provide a plurality of graphical user interfaces (GUIs) for display on the authorized business partner computers";

- certain modes lack a "web portal GUI" that displays a report on the user's authorized business partner computer.

**Claim 26:**

Neither Hertz nor TSD directly or indirectly infringe this claim because no single person or entity possesses, controls or maintains all elements of the claimed system. For example, the claim, among other things, requires "a first computer network operated by a rental vehicle service provider," and a "second computer network comprising a plurality of authorized business partner computers." Hertz does not have or maintain a "second computer network." In addition, Hertz and TSD do not have or maintain "a plurality of authorized business partner computers." Such computers are independently owned and operated by the customers. Furthermore, TSD does not have or maintain "a first computer network operated by a rental vehicle service provider."

In addition, at least the following limitations are not satisfied by Hertz EDiCAR:

- an "automatic rental vehicle transaction system," as claimed;

- "a database in which reservation data regarding the rental vehicles available for rent at the plurality of remote locations is stored";

- a first computer network mainframe "being configured to execute a fulfillment software program, the fulfillment software program being configured to process and store rental vehicle reservation data in the database for access by the branch

- office computers when the branch office computers fulfill rental vehicle reservations";

- the ability to generate a "list for display on the user's authorized business partner computer via at least one web portal GUI, the list grouping a plurality of open rental vehicle reservations by their corresponding stored repair facility data such that open rental vehicle reservations having a common corresponding stated repair facility are commonly-grouped";

- a second computer network mainframe that is "in bidirectional communication with the first computer network";

- a rental vehicle software program that is "configured to access the database to create and manage rental vehicle reservations in response to a series of commands received from the authorized business partner computers";

- the capability for the authorized business partner computers "to provide the series of commands to the rental vehicle software program for creating and managing rental vehicle reservations on behalf of third parties";

- certain modes lack a "web portal" through which "the second computer network mainframe is in bidirectional communication with the first computer network";

- certain modes lack a "web portal" that is "in bidirectional communication with the second computer network mainframe and is farther in bidirectional communication with the authorized business partner computers via an Internet connection therebetween";

- certain modes lack a "web portal" that is "configured to provide a plurality of graphical user interfaces (GUIs) for display on the authorized business partner computers";

- certain modes lack a "web portal GUI" that displays a list of open vehicle reservations on the user's authorized business partner computer.

**Claim 30:**

Neither Hertz nor TSD directly or indirectly infringe this method claim because no single person or entity performs, controls or maintains all elements of the claimed method. For example, neither Hertz nor TSD display a web portal GUI on an authorized business partner

-5-

computer. The required steps of the method are not all performed by either Hertz, TSD or their customers.

In addition, Plaintiffs do not perform or practice at least the following steps:

- the step of using "a database in which reservation data regarding the rental vehicles available for rent at the plurality of remote locations is stored";

- the step of providing a first mainframe "having fulfillment software resident thereon, the fulfillment software program being configured to process and store rental vehicle reservation data in the database for access by the branch office computers when the branch office computers fulfill rental vehicle reservations";

- the step of "displaying a web portal GUI on the authorized business partner computer, wherein the displayed web portal GUI includes a repair facility callback list for a plurality of open rental vehicle reservations";

- the step of using a second mainframe that is "in bidirectional communication with the first computer network";

- the step of using a rental vehicle software program that is configured to "access the database to manage rental vehicle reservations in response to a series of commands received from a plurality of authorized business partner computers";

- the step of using "GUIs being configured to interface a user of an authorized business partner computer with the rental vehicle software program resident on the second mainframe such that the user can provide the series of commands for managing rental vehicle reservations";

- in certain modes of operation, Plaintiffs do not practice the step of providing a "web portal";

- in certain modes of operation, Plaintiffs do not practice the step of providing a web portal configured to provide a plurality of "graphical user interfaces."

### **Claim 42:**

Neither Hertz nor TSD directly or indirectly infringe this claim because no single person or entity possesses, controls or maintains all elements of the claimed system. For example, the claim, among other things, requires "a first computer network operated by a rental vehicle service provider," and a "second computer network comprising a plurality of authorized business

partner computers." Hertz does not have or maintain a "second computer network." In addition, Hertz and TSD do not have or maintain "a plurality of authorized business partner computers," nor do they configure such computers to access the rental vehicle software or generate reports. Such computers are independently owned and operated by the customers. Furthermore, TSD does not have or maintain "a first computer network operated by a rental vehicle service provider."

In addition, at least the following limitations are not satisfied by Hertz EDiCAR:

- an "automatic rental vehicle transaction system," as claimed;

- "a database in which reservation data regarding the rental vehicles available for rent at the plurality of remote locations is stored";

- a first computer network mainframe "having fulfillment software resident thereon, the fulfillment software being configured to process and store rental vehicle reservation data in the database for access by the branch office computers when the branch office computers fulfill rental vehicle reservations";

- a second computer network mainframe that "is in bidirectional communication with the first computer network";

- a rental vehicle software program that is "configured to access the database to create and manage rental vehicle reservations in response to a series of commands received from the authorized business partner computers."

## II.   PRELIMINARY INVALIDITY CONTENTIONS

### A.   Prior Art Under 35 U.S.C. §§ 102(a), (b), (e) and (g) and § 103

Plaintiffs contend that at least the following items of prior art anticipate or render obvious all the claims of the '038 patent. The following identification of prior art references is based upon information currently known to Plaintiffs. In addition to the prior art identified below, Plaintiffs reserve the right to rely on the prior art cited in the '038 patent and during the prosecution of the '038 patent and any related patent application. Plaintiffs reserve the right to

supplement the following identification of prior art to the extent that Plaintiffs obtain additional information, through discovery or otherwise.

- Enterprise ARMS Web:  Plaintiffs contend that the '038 patent is invalid under § 102(b) because the Enterprise ARMS Web was in public use and/or on sale before the critical date of August 18, 1999. (Claims 1-46 anticipation)

- Enterprise ARMS/400 Automated Rental Management System, Copyright 1998 (Reference AS in 7/6/05 IDS) (Claims 1-46 obviousness)

- Enterprise ARMS/400 Automated Rental Management System, Copyright 1999 (Reference AR in 7/6/05 IDS) (Claims 1-41 obviousness; Claims 42-46 anticipation and/or obviousness)

- Enterprise Computer Assisted Rental System Workbook, dated September 1997 (Reference AA in 1/17/06 IDS; also attached as Exhibit A to application that issued as '038 Patent) (Claims 1-46 obviousness)

- ARMS Electronic Callback System Demonstration (Reference AH in 1/17/06 IDS) (Claims 1-46 obviousness)

- Enterprise Rent-A-Car ARMS Web-enabled Management Reporting System Initial Project Analysis and Options (Reference AZ in 7/6/05 IDS) (Claims 1-46 obviousness)

- ARMS/400 Update (Reference AE in 1/17/06 IDS) (Claims 1-41 obviousness; Claims 42-46 anticipation and/or obviousness)

- IS General Use Programs – Sect. 19, AACB34 Callback Fax Customization (Reference CL in 1/17/06 IDS) (Claims 1-46 obviousness)

- "Free Enterprise" Summer 1999 Publication attached as Exhibit E to the Declaration of William G. Tingle dated January 11, 2006 (Claims 1-46 anticipation and/or obviousness)

- "ARMS/Web is Coming" Publication attached as Exhibit C to the Declaration of Timothy Weinstock dated January 11, 2006 (Claims 1-46 anticipation and/or obviousness)

- October 2, 1995 "Many Ways to Sell" Publication, Travel Agent, pg. 36 (Reference AE in 11/3/06 IDS) (Claims 1-46 obviousness)

- US Patent No. 5,726,885 (Claims 1-46 obviousness)

- US Patent No. 5,794,207 (Claims 1-46 obviousness)

- US Patent No. 5,892,905 (Claims 1-46 obviousness)

- US Patent No. 6,032,184 (Claims 1-46 obviousness)

- US Patent No. 6,094,640 (Claims 1-46 obviousness)

- US Patent No. 6,125,384 (Claims 1-46 obviousness)

- US Patent No. 6,233,609 (Claims 1-41 obviousness)

- US Patent No. 6,308,120 (Claims 1-46 obviousness)

- US Patent No. 6,477,503 (Claims 1-46 obviousness)

- US Patent No. 6,510,451 (Claims 1-46 obviousness)

- US Patent No, 6,885,998 (Claims 1-46 obviousness)

- Snappy/CCC System:  By at least as early as 1995, TSD offered for sale a system allowing CCC Information Services Inc. to directly communicate electronically with Snappy Car Rental Inc.'s reservation system.  This offer for sale included using TSD's "The Controller" application to interface with CCC's existing "CARS" system to electronically transmit centrally generated reservations from CCC to Snappy's branch offices.  The Controller also facilitated online central management of the reservation process.  The CARS system could search reservations and contained information regarding authorized days and repair facility name.  (Claims 1-46 obviousness)

- CCC/TSD Strategic Alliance:  By at least as early as January 25, 1996, TSD offered for sale a system that would expand the Snappy/CCC system (described above) to interface with multiple rental companies.  (Claims 1-46 obviousness)

- Nationwide System:  By at least as early as May 14, 1997, TSD offered for sale to Nationwide Mutual Insurance Company TSD's "Central Reservation Center."  This offer for sale included an "EDI Reservation Information Flow" diagram, showing reservations being transmitted electronically from Nationwide to rental car provider branches using "The Controller." (Claims 1-46 obviousness)

- iCar:  By at least 1997, TSD developed and sold a system called iCar that delivered reservation requests from insurance companies to car rental companies.  This system contained screens that allowed a user to sort open and closed rental agreements by body shop and authorized end date.  (Claims 1-46 obviousness)

- State Farm/SuperStar System:  By at least as early as July 1997, TSD installed a version of the iCar system (described above) that routed reservations from State Farm Insurance to SuperStar Rent A Car locations in Texas and Oklahoma.  This system could be accessed by an iCar client at the rental car company and allowed the reservation information to be received electronically from State Farm.  Upon information and belief, the State Farm system could generate reports for each claim representative identifying

open reservations sorted by claim number and including the number of days authorized. (Claims 1-46 obviousness)

- Progressive/Star iCar System:  By at least as early as August 7, 1998, TSD offered for sale to Progressive Casualty Insurance Company a version of the iCar system (described above) that allowed Progressive to communicate electronically with Star Rent A Car. This version of the system offered for sale contained a windows GUI through which an insurance company representative could display a list of open reservations, including the number of days authorized.  The system that was sold to Star and used by Progressive included screens that could display to an insurance company representative lists of open reservations, including the authorized number of days.  These screens were sortable by the authorized number of days.  In addition, this iCar system had a capability of sorting open and closed rental agreements by body shop and authorized end date.  The system that was sold and used by Progressive allowed both the insurance company and the rental car company to access a database maintained by TSD in North Andover, Massachusetts through an internet based connection.  The database contained rental reservations. (Claims 1-46 obviousness)

- Racer:  By at least as early as 1998, Charles Redding built an internet-based web site for Budget Rent A Car and Premier Car Rental that allowed representatives of Progressive Insurance to request and manage reservations with Budget and/or Premier.  Upon information and belief, the Racer system could display open reservations sorted by repair facilities and days outstanding.  (Claims 1-46 obviousness)

- TSD/Budget AIS:  By at least as early as June 1999, TSD offered to sell a web-based version of its EDiCAR technology to Budget Rent A Car.  This system is now known as "WebAdjusters" but was called "Application Interface Server" (AIS) by Budget.  AIS was a web-based automated interface for reservation delivery between Budget's BEST1 reservation system and various insurance companies.  The web-based user interface allowed communications with insurance companies for rental agreement maintenance and invoicing.  The system included screens that could display a list of open reservations, including related information, *e.g.*, the repair shop information and the authorized number of days. (Claims 1-46 obviousness)

- Car Temps:  Upon information and belief, by as early as July 1999, Car Temps USA provided an internet based web site for claims adjusters.  (Claims 1-46 obviousness)

**B.     35 U.S.C. § 102(f)**

The '038 patent is invalid under 35 U.S.C. § 102(f).  Based on information obtained to date, the named inventors on the '038 patent received materials or information from, and derived the alleged inventions from, one or more of the following people or entities prior to the earliest priority date of the '038 patent:

- <u>Mr. John Retton and/or the Integon Insurance company</u>:  A June 22, 1999 Enterprise email (Reference BB in the 7/6/05 IDS) indicates that the idea for the display of information in ARMS/Web system was suggested by Mr. John Retton and/or the Integon Insurance company.

- <u>Progressive Casualty Insurance Company</u>:  A July 23, 1999 Enterprise Initial Project Analysis and Options report authored by Jeff King and Steve Estes (Reference AZ in the 7/6/05 IDS) indicates that Progressive Casualty Insurance Company, after TSD offered for sale to Progressive its iCar system (see above), suggested to Enterprise that it should provide a system allowing insurance adjusters to view and manage information relating to current, open rental contracts being billed to them.

- <u>Jeff King and Steve Estes</u>:  A July 23, 1999 Enterprise Initial Project Analysis and Options report authored by Jeff King and Steve Estes (Reference AZ in the 7/6/05 IDS) indicates that Jeff King and Steve Estes, after discussions with Progressive Casualty Insurance Company, suggested to Enterprise the idea for the display of information in ARMS/Web system.

        Respectfully submitted,
        THE HERTZ CORPORATION


/s/ J. Anthony Downs
_____
Stephen D. Poss (BBO #551760)
J. Anthony Downs (BBO #552839)
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
sposs@goodwinprocter.com
jdowns@goodwinprocter.com


TSD RENTAL LLC


/s/ Lawrence K. Kolodney
_____
Lawrence K. Kolodney (BBO #556851)
Christopher Dillon (BBO #640896)
Kevin Su (BBO #663726)
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
(617) 521-7002
kolodney@fr.com
dillon@fr.com
su@fr.com

Dated:  July 2, 2008

## CERTIFICATE OF SERVICE

    I, J. Anthony Downs, certify that these Preliminary Non-infringement and Invalidity Contentions filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) on July 2, 2008.

                                               /s/ J. Anthony Downs
                                               J. Anthony Downs